# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNELLY J. LEBLANC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 10-5215 |
| | : | |
| **CRAIG STEDMAN**, *et al.* | : | |

## MEMORANDUM OPINION

Savage, J.                                                                   June 29, 2011

**Background**

Raising the statute of limitations, defendant Thomas Zell has moved to dismiss the *pro se* plaintiff's complaint brought under 42 U.S.C. § 1983, for false arrest, false imprisonment and malicious prosecution arising out of his arrest on January 8, 2008.[1] He contends that the complaint against him was filed more than two years after the alleged cause of action accrued.

Because Zell presented material outside of the complaint, including copies of the Lancaster County criminal docket, we notified the parties that the motion to dismiss was being converted to one for summary judgment. At the same time, we invited the parties to conduct discovery and supplement their filings with additional evidence. *See Razzolli v. Director, Bureau of Prisons*, 293 F. App'x 852, 854-55 (3d Cir. 2008) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996); *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989)).

According to the complaint, LeBlanc was arrested on January 8, 2008, and charged

---

[1] LeBlanc has named seven defendants: Craig Stedman, Brian Chudzic and Dean Morgan of the Lancaster County District Attorney's Office; Thomas Zell, Chief of the Akron Borough Police Department; George Pappas, a detective in the Penn Township Police Department; John Doe, Chief of Penn Township Police Department; and Lancaster County.

with insurance fraud and conspiracy to commit insurance fraud. He alleges that Zell approved the arrest warrant, which was issued in reliance on false information. Construed liberally, the complaint alleges Fourth Amendment claims of false arrest, false imprisonment and malicious prosecution.

**Standard of Review**

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. *InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

The initial burden of demonstrating there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which she bears the burden of production. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotations omitted).

**Discussion**

LeBlanc alleges that his arrest warrant was issued in reliance on an affidavit falsified by Pappas and approved by Zell and Doe.[2] He contends that his arrest and subsequent imprisonment were illegal.

The statute of limitations for claims brought under § 1983 is the same as the one governing state personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for a personal injury claim in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Thus, the applicable statute of limitations in this case is two years.

A claim accrues when "the plaintiff has 'a complete and present cause of action.'" *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The two causes of action asserted against Zell are false arrest and false imprisonment. Thus, we must determine when they accrued for purposes of applying the statute of limitations.

Fourth Amendment false imprisonment claims are similar to those for false arrest as both are "grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (citations omitted). "False arrest and false imprisonment overlap; the former is a species of the

---

[2] The facts which underlie this complaint were alleged in a prior suit by LeBlanc. *See LeBlanc v. Cnty. of Lancaster*, No. 09-1685, 2009 WL 3422991 (E.D. Pa. Oct. 21, 2009). There, LeBlanc made allegations of (1) unlawful trespassing by the police; (2) police harassment; (3) police intimidation; (4) unlawful prosecution; (5) false arrest; (6) false imprisonment; and (7) unnecessary force against Lancaster County, the Penn Township Police Department, Detective Pappas, and Assistant District Attorney Karen Mansfield, stemming from four separate encounters with police, one of which was his January 8, 2008 arrest. *LeBlanc*, 2009 WL 3422991, at *1. Zell was not named as a defendant in that case. That complaint was dismissed without prejudice on October 21, 2009. *Id*.

3

latter." *Wallace,* 549 U.S. at 388. An arrest lacking probable cause provides a plaintiff a claim under § 1983 for false imprisonment "based on a detention pursuant to that arrest." *Groman*, 47 F.3d at 636. Taking false arrest and false imprisonment together as we must, the statute of limitations begins to run on actions for false arrest and false imprisonment when the alleged false imprisonment ends. *Wallace*, 549 U.S. at 389. Because the gravaman of a false imprisonment cause of action is detention without legal process, false imprisonment necessarily ends when the legal process takes over, that is, when the arrestee is bound over by a judicial officer or arraigned on charges. *Id*.; *see also Hunt v. City of Scranton*, 236 F. App'x 740, 743 (3d Cir. 2007). Therefore, the statute of limitations clock on the false arrest and false imprisonment claims starts ticking when a judicial officer authorizes the detention. *Wallace*, 549 U.S. at 397.

According to the Lancaster County criminal docket, formal charges were initiated against LeBlanc on January 9, 2008. At that point, the statute of limitations began to run on his claims because the arrest and imprisonment could no longer be illegal. He did not file his action against Zell until October 4, 2010, nearly nine months after the expiration of the statute of limitations. Accordingly, his claims against Zell are barred by the statute of limitations.

## Conclusion

There is no dispute that LeBlanc filed his complaint against Zell after the expiration of the statute of limitations. Therefore, Zell is entitled to summary judgment in his favor.