**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONNELLY J. LEBLANC** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 10-5215 |
| | : | |
| **CRAIG STEDMAN,** *et al.* | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                               June 29, 2011

**Background**

Among the defendants the *pro se* plaintiff has sued in this civil rights action under 42 U.S.C. § 1983, alleging false arrest, false imprisonment and malicious prosecution, are three prosecutors in the Lancaster County District Attorney's Office and Lancaster County. Those defendants have moved to dismiss the complaint. The prosecutors argue that they are protected by absolute prosecutorial immunity. Lancaster County contends that because LeBlanc has not sufficiently alleged that it had a custom or policy concerning the officers and prosecutors' alleged conduct, LeBlanc cannot maintain a *Monell* claim against it.

According to his complaint, LeBlanc was arrested on January 8, 2008 and charged with insurance fraud and conspiracy to commit insurance fraud. He alleges that an arrest warrant was issued in reliance on false information knowingly provided by another defendant, Detective George Pappas. He avers that Assistant District Attorney Morgan authorized an arrest warrant without verifying the accuracy of the investigating officer's assertions, and Assistant District Attorneys Chudzik and Stedman proceeded with the prosecution after they had received documentation proving that he had never filed an

insurance claim. LeBlanc claims this conduct is consistent with Lancaster County's policy of prosecuting individuals without verifying information contained in the charging documents. Construed liberally, the complaint alleges Fourth Amendment claims of false arrest, false imprisonment and malicious prosecution.

**Standard of Review**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir.

2008)). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in LeBlanc's complaint and draw all possible inferences from these facts in his favor.

**Discussion**

Stedman, Chudzik, and Morgan

Although § 1983 provides a federal means for plaintiffs to redress wrongs done to them by state officials, it "was not meant 'to abolish wholesale all common-law immunities.'" *Burns v. Reed*, 500 U.S. 478, 484 (1991) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Instead, § 1983 "is to be read 'in harmony with general principles of tort immunities and defenses rather than in derogation of them.'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976)).

Prosecutors enjoy absolute immunity from liability for actions taken in judicial proceedings. *Donahue v. Gavin*, 280 F.3d 371, 377 n.15 (3d Cir. 2002) (citing *Imbler*, 424 U.S. at 430). A prosecutor's actions in the courtroom are absolutely protected. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). Absolute immunity from § 1983 claims attaches to the prosecutor's "decision to initiate a prosecution." *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S. Ct. 855, 860 (2009). The protection extends to the prosecutor's actions taken outside the courtroom before the initiation of prosecution that are related to the judicial process *Kulwicki,* 969 F.2d at 1463. Thus, pretrial matters, including appearing before a judge and presenting evidence in support of a search or arrest warrant, are protected by absolute immunity. *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997); *see also*

3

*Trader v. R.S.*, No. 11-0039, 2011 WL 1666931, at *10 (E.D. Pa. May 2, 2011); *White v. Brown*, No. 08-606, 2010 WL 1718205, at *8 (E.D. Pa. April 28, 2010).

Administrative or investigative actions, however, are only protected by qualified immunity. *Van de Kamp*, 129 S. Ct. at 861. A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of his authority is not protected by absolute immunity. *Kulwicki*, 969 F.2d at 1463.

LeBlanc claims that Morgan authorized the police detective to file charges without verifying whether the charges accurately reflected the facts, and Stedman and Chudzik approved and signed the information initiating criminal proceedings against him despite possessing evidence that contradicted those charges. In other words, LeBlanc attempts to hold Stedman, Chudzik and Morgan liable for their conduct in preparing, approving and filing charging documents -- conduct explicitly protected under *Kalina*. Because the alleged prosecutorial conduct was in connection with the initiation of judicial proceedings against LeBlanc, the prosecutors are protected by absolute immunity.

<u>Lancaster County</u>

A municipality may be held liable under § 1983 for injuries inflicted by its agents or employees only if they were the result of a governmental policy or custom. *Santiago v. Warminster Twp.*, 629 F.3d 121, 135 (3d Cir. 2010). A governmental policy or custom can be established by showing either that the decision-maker possessing final authority to establish a municipal policy did so by issuing an official statement of policy or that a governmental custom developed when the official acquiesced to a course of conduct such that it operated as law. *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 250 (3d Cir. 2007). For municipal liability to attach, a plaintiff must demonstrate a "direct causal link

between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). This causal link is shown where (1) the entity promulgates a policy statement and the injurious act occurs as a result of an implementation of that policy; (2) the policymaker himself violates a federal law; or (3) the policymaker is deliberately indifferent to the need for action to correct an inadequate practice that is likely to result in a constitutional violation and fails to act. *Jiminez*, 503 F.3d at 249-250.

Here, LeBlanc's sole claim against Lancaster County is that it maintains "a policy of accepting criminal charges and prosecuting without indictment and without verifying the information in the documents are [sic] true and correct." He does not allege how this "policy" was established or by whom it was promulgated. Nor does he allege that this "policy" resulted from a long term course of conduct. He does not identify anyone who knew of and acquiesced in the alleged policy.

Even if LeBlanc had sufficiently alleged the existence of a policy or custom, he fails to allege any facts from which we may infer that his alleged injuries resulted from the implementation or operation of this policy, from the policymaker's violation of federal law, or any official's deliberate indifference to the alleged constitutional violations resulting from the policy. In short, based on the allegations in the complaint, LeBlanc provides only a conclusory allegation that Lancaster County had a policy that violated his constitutional rights.

## Conclusion

Because Stedman, Chudzik and Morgan are entitled to prosecutorial immunity, and LeBlanc has failed to plead a municipal liability claim against Lancaster County, we

5

shall grant the motion to dismiss.