# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNELLY J. LEBLANC | : | CIVIL ACTION |
| v. | : | No. 10-5215 |
| CRAIG STEDMAN, *et al.* | : | |

## MEMORANDUM OPINION

Savage, J.                                                                                                                                                                                  July 21, 2011

### Background

In this *pro se* civil rights action under 42 U.S.C. § 1983, plaintiff Donnelly LeBlanc makes claims for false arrest, false imprisonment and malicious prosecution stemming from his arrest on January 8, 2008. LeBlanc has named seven defendants: Craig Stedman, Brian Chudzic, and Dean Morgan of the Lancaster County District Attorney's Office; Thomas Zell, Chief of the Akron Borough Police Department; George Pappas, a detective in the Penn Township Police Department; John Doe, Chief of Penn Township Police Department; and Lancaster County. The complaint has been dismissed as to Morgan, Stedman, Chudzic and Lancaster County and summary judgment has been granted to Zell.

As alleged in the complaint,[1] LeBlanc was arrested on January 8, 2008 and charged with insurance fraud and conspiracy to commit insurance fraud. He claims that the arrest warrant was issued in reliance on false information knowingly provided by Pappas and approved by Zell and Doe. Morgan instructed Pappas to seek an arrest warrant without verifying the accuracy of Pappas and Zell's assertions. Chudzic and Stedman approved

---

[1] We recite the facts as alleged by LeBlanc in his complaint, accepting them as true at this stage.

and obtained the warrant despite having documentation proving that LeBlanc had never filed an insurance claim. LeBlanc claims this conduct is consistent with Lancaster County's policy of prosecuting individuals without verifying information contained in the charging documents. Construed liberally, the complaint alleges a violation of his Fourth Amendment right to be free from seizure without probable cause arising out of false arrest, false imprisonment and malicious prosecution.

Pappas has moved to dismiss the complaint arguing that the statute of limitations has run on LeBlanc's claims. Doe argues that LeBlanc has failed to state a claim for supervisory liability. Both defendants argue LeBlanc has failed to state a claim for § 1983 conspiracy.

## Standard of Review

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiffs. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although this standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if the plaintiff fails to plead "factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557). Additionally, the plaintiff's *pro se* pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we shall accept as true the facts as they appear in the plaintiff's complaint and draw all possible inferences from these facts in his favor.

## Discussion

LeBlanc alleges that the warrant for his arrest was issued in reliance on an affidavit falsified by Pappas and approved by Zell and Doe. He essentially contends that the defendants knew he did not make the fraudulent insurance claim that formed the basis for the criminal charges.

<u>Statute of Limitations</u>

State personal injury tort law provides the appropriate statute of limitations for claims brought under § 1983. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Thus, the statute of limitations for § 1983 claims in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

A claim accrues when "the plaintiff has 'a complete and present cause of action.'" *Wallace*, 549 U.S. at 388 (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Here, the triggering date for the statute

of limitations is at issue.

Fourth Amendment false imprisonment claims are similar to those for false arrest as both are "grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace*, 549 U.S. at 388. An arrest lacking probable cause provides a plaintiff a claim under § 1983 for false imprisonment "based on a detention pursuant to that arrest." *Groman*, 47 F.3d at 636. Taking false arrest and false imprisonment together as we must, *Wallace*, 549 U.S. at 387, "'[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'" *Id*. (quoting 2 H. WOOD LIMITATIONS OF ACTIONS § 187d(4), p. 878 (rev. 4th ed. 1916)). Because "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. at 389; *see also Hunt v. City of Scranton*, 236 Fed. App'x 740, 743 (3d Cir. 2007). Thus, the statute of limitations upon claims for false arrest and false imprisonment, where the arrest is followed by criminal proceedings, begins when the claimant is detained pursuant to legal process. *Wallace*, 549 U.S. at 397.

The statute of limitations decision in *Wallace* created a potential issue where a plaintiff's § 1983 actions is barred under the Court's prior holding in *Heck v. Humphrey*. In *Heck*, the Supreme Court held that to recover damages under § 1983 for false arrest or false imprisonment, a plaintiff must establish that the underlying disposition or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486-87 (1994). If a plaintiff's § 1983 complaint would "necessarily imply the invalidity of his conviction or sentence," it must be dismissed. *Id*. at 487. Subsequent decisions in the Courts of Appeal held that *Heck* also barred § 1983 claims that would necessarily imply the invalidity of a conviction on *pending* criminal charges. *See, e.g., Smith v. Holtz*, 87 F.3d 108, 112-13 (3d cir. 1996) (emphasis added). Under these decisions, false imprisonment claims under § 1983 were dismissed pending the resolution of the state charges. As a consequence, the potential existed for the statute of limitations to expire under *Wallace* prior to the time that a § 1983 false imprisonment claim became ripe for adjudication under *Heck*. *Wallace*, 549 U.S. at 395, n4.

In *Wallace*, the Supreme Court abrogated these subsequent decisions. Noting that *Heck*'s bar does not apply to prospective criminal actions, the Court held that when a plaintiff files a false arrest/false imprisonment claim prior to the disposition of the charges against him, "it is in the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393-94. Following disposition of the charges, the plaintiff's claim will be either barred under *Heck* or allowed to proceed, absent some other bar to suit. *Id*. at 394.

In his prior § 1983 action, LeBlanc made allegations of (1) unlawful trespassing by the police; (2) police harassment; (3) police intimidation; (4) unlawful prosecution; (5) false arrest; (6) false imprisonment; and (7) unnecessary force against Lancaster County, the Penn Township Police Department, Detective Pappas, and ADA Karen Mansfield, stemming from four separate encounters with police, including his January 8, 2008 arrest.

5

*See LeBlanc v. Cnty. of Lancaster*, No. 09-1685, 2009 WL 3422991 (E.D. Pa. Oct. 21, 2009). In our October 29, 2009 opinion dismissing LeBlanc's claims without prejudice, we abstained under *Younger v. Harris*[2] from entertaining LeBlanc's claims against Pappas relating to the January 8, 2008 arrest because the criminal matter following from that arrest was pending. *LeBlanc v. Cnty. of Lancaster*, No. 09-1685, 2009 WL 3422991, at *4 (E.D. Pa. Oct. 21, 2009). Alternatively, we held that because success on his claim would necessarily invalidate a potential future conviction, his claim was not ripe. *Id*. (citing *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996), *abrogated by Wallace*, 549 U.S. at 393).

LeBlanc's conspiracy and insurance fraud charges were nol prossed on February 9, 2010. At that point, LeBlanc was free, consistent with *Wallace*, to reinstate his § 1983 claim for false arrest and false imprisonment against Pappas. He did so on October 4, 2010. Because LeBlanc was not convicted of those charges, *Heck* does not bar this suit. Because LeBlanc's initial § 1983 suit was filed within the statute of limitations and dismissed on *Younger* and *Heck* grounds, his current § 1983 claims against Pappas relating to the January 8, 2008 arrest are not barred by the statute of limitations.

### John Doe

Although not entirely clear, it appears LeBlanc is asserting a claim against John Doe in his supervisory capacity as Chief of the Penn Township Police Department. There is no respondeat superior liability under § 1983. *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability may be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Id*. To state a claim for supervisory liability,

---

[2] 401 U.S. 37 (1971).

the plaintiff must identify the specific practice or procedure the supervisor failed to follow, and show that: "(1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001). The plaintiff must state specific acts or omissions of the supervisor that show deliberate indifference and establish a connection between the act or omission and the injury. *Id*.

LeBlanc's sole reference to Doe in his complaint is that the "Chief of Penn Twp Police was also involved." He alleges no facts describing this involvement much less facts to support a claim for supervisory liability under § 1983. Accordingly, LeBlanc's claims against Doe will be dismissed.

## Civil Conspiracy

To the extent that LeBlanc makes a claim for civil conspiracy, it must be dismissed. To state a claim for civil conspiracy under § 1983, the plaintiff must show: (1) the existence of an agreement between two or more co-conspirators; (2) the plaintiff was deprived of a constitutional right; and (3) the conspirators acted under color of state law. *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993). To adequately plead conspiracy under § 1983, a plaintiff must present facts from which a conspiratorial agreement may be inferred. *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

LeBlanc's complaint is entirely devoid of any facts showing an agreement between the parties to violate his civil rights outside of his bare assertion that the defendants "acted in concert." Because LeBlanc failed to present any facts from which we may infer the

defendants entered into an agreement, we must dismiss his conspiracy claim. However, we shall allow him to amend his complaint if he wishes to do so.

## Conclusion

Because LeBlanc has failed to state a claim for civil conspiracy under § 1983 and one for supervisory liability against Doe, we shall grant the motion to the extent it seeks dismissal of the conspiracy claim and the complaint against defendant Doe. Because his initial § 1983 claims against Pappas were filed within the statute of limitations, we shall deny Pappas's motion to dismiss LeBlanc's false arrest and false imprisonment claims. Plaintiff will be granted leave to amend his complaint, if he wishes, with respect to the civil conspiracy claim.